446 P.2d 234

**The STATE of Arizona, Plaintiff,**

**v.**

**Esther Mae CULVER, Defendant.**

**No. 1784.**

Supreme Court of Arizona.

In Banc.

Oct. 24, 1968.

**506**

Robert K. Corbin, Maricopa County Atty., by Dennis P. Blackhurst, Deputy County Atty., Phoenix, for plaintiff.

G. A. Machmer, by Ray A. Taylor, Phoenix, for defendant.

STRUCKMEYER, Justice.

Esther Mae Culver was charged and found guilty of the crime of violating A.R.S. § 13–311,[1] "Obtaining money or property by bogus check or other means, a felony."

At the trial the proof established that Esther Mae Culver attempted to pass a check made payable to her as payee and that she knew that the account on which the check was drawn had been closed at the bank at the time the check was drawn and uttered. Her motions for directed verdict of not guilty and for dismissal were based upon the point that she should not have been charged under A.R.S. § 13–311, but rather with a violation of A.R.S. § 13–316 as amended.[2]

---

1. "13–311. Obtaining money or property by bogus check or other means; punishment
"A. A person who, with intent to cheat and defraud, obtains or attempts to obtain from any other person, money, property or valuable thing, by means or by use of any false or bogus check, or by any other printed, written or engraved instrument, or spurious coin or metal, is guilty of a felony punishable by imprisonment in the state prison for not less than one nor more than five years."

2. "§ 13–316. Drawing check or draft on no account or insufficient account with intent to defraud; punishment; definition of credit; prima facie evidence; additional penalty equal to out-of-state expenses
"A. A person who, for himself or for another, wilfully with intent to defraud, makes, draws, utters or delivers to another person or persons a check or checks or draft or drafts on a bank or depositary for payment of money, knowing at the time of such making, drawing, uttering or

The Superior Court of Maricopa County, the Honorable Charles L. Hardy, presiding, certified to this court the double question: whether defendant was properly charged under A.R.S. § 13–311 or should she have been charged only under A.R.S. § 13–316. The issue is whether A.R.S. § 13–316, the last enacted statute, effected an implied repeal of A.R.S. § 13–311.

■ It is urged by the defendant that A.R.S. § 13–311 was initially adopted from the State of Missouri (See § 489 Penal Code of 1901 and V.A.M.S. § 561.450) and that A.R.S. § 13–316 as amended, is similar to V.A.M.S. § 561.460 now in effect in Missouri, and that the construction accorded to the Missouri statutes should be adopted. We express doubts that the Missouri decisions cited by defendant can be construed as reaching the question certified to this court, but were it so, we still would not be inclined to interpret the Arizona statute similarly. We are not absolutely bound to follow the construction of another state but may interpret the Arizona statutes in accord with justice and public policy. Lewis v. State, 32 Ariz. 182, 256 P. 1048.

■■ The gravamen of the offense under A.R.S. § 13–316 is the uttering of a check drawn against a bank knowing that the maker has no account and with the intent to defraud. To utter means to pass or attempt to pass, State v. Weis, 92 Ariz. 254, 375 P.2d 735. Under A.R.S § 13–311 the gravamen is obtaining money by means of bogus check. The words "bogus check" mean "a check given by a person upon a bank in which he has no funds, and which he has no reason to suppose will be honored * * *," Williams v. Territory, 13 Ariz. 27, 108 P. 243, 27 L.R.A.N.S. 1032 [1910].

Manifestly, the two statutes do not wholly embrace the same subject matters. A simple perusal indicates that A.R.S. § 13–316 is limited to checks or drafts on banks or depositories where the person charged has no account or insufficient funds. A.R.S. § 13–311 is much broader in its scope, being applicable to the obtaining or the attempt to obtain money, property or other valuable things by false or bogus check or by any other printed or engraved instruments or spurious coin or metal. There may be a partial overlap in that A.R.S. § 13–316 prohibits a "no account" check and A.R.S. § 13–311 prohibits a bogus check meaning "no funds" but only if we assume that "no funds" and "no account" are always equivalents.

■ But irrespective, we are aware of no law which prohibits the prosecution of a criminal offense under either of two statutes where the facts of the case are such that they fall within the prohibition of both statutes. The controlling principles are as we understand them, stated by the United States Supreme Court:

"Nor can the partial overlap of two statutes work a pro tanto repealer of the earlier Act. Id. 'It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. * * * The intention of the legislature to repeal 'must be clear and manifest.' * * * It is not sufficient * * * 'to establish that subsequent laws cover some or even all of the cases pro-

---

delivery, that he or his principal does not have an account or does not have sufficient funds in, or credit with, such bank or depositary to meet the check or checks or draft or drafts, or other checks or drafts upon such funds then outstanding, in full upon presentation, shall be punished as follows:

"1. If the check or draft is in the amount of one hundred dollars or more, he is guilty of a felony.

"2. If the check or draft is in the amount of less than one hundred dollars, he is guilty of a misdemeanor.

"3. If the check or draft in any amount is drawn on a bank or depositary in which he knowingly does not have an account, he is guilty of a felony."

508

vided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary.' There must be 'a positive repugnancy between the provisions of the new law, and those of the old.'" Rosenberg v. United States, 346 U.S. 273, 73 S.Ct. 1152, 1163, 97 L.Ed. 1607, 1619.

We do not find a clear intent by the legislature to repeal A.R.S. § 13-311 nor do we find that there is a positive repugnancy between the provisions of the new law and the old.

That part of the question certified as to whether Esther Mae Culver was properly charged with attempting to pass a false or bogus check under A.R.S. § 13-311 as amended, is answered in the affirmative. That part of the question certified as to whether defendant should have been charged only under A.R.S. § 13-316 is answered in the negative.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.