[Crim. No. 17572. Second Dist., Div. Two. Feb. 3, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY KENNETH COBB, Defendant and Appellant.

**2**

## COUNSEL

Stanley M. Roden, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Kenneth C. Young, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.**—The information filed in this case charged appellant with forgery of a certain credit card sales slip in violation of section 470 of the Penal Code. He was further charged with a prior felony conviction of robbery. After a jury trial he was found guilty of the offense charged and the allegation of the prior conviction was found true.

The sufficiency of the evidence to prove that appellant had unlawfully used the credit card of another person and with intent to defraud had *forged the* name of the cardholder upon a sales slip evidencing the credit transaction is not questioned. Indeed, the prosecution introduced evidence of appellant's guilt of such adequate quantity and of such convincing quality as to remove even a shadow of a reasonable doubt. Appellant himself took the stand and told a story so inherently improbable and so pre-

posterous that its only conceivable effect upon the jury was to add insult to injury. Therefore, we deem it unnecessary to burden this opinion with a detailed summary of the evidence.

■  Appellant's first assignment of error on this appeal from the judgment is that the trial court erred in taking judicial notice of appellant's prior robbery conviction and in failing at the same time to take judicial notice of the fact that at one stage in the course of the nonjury trial of the former action the court had announced a finding that "the defendant is not guilty." This contention is wholly devoid of merit.

The judgment of conviction in the former action was rendered by the Superior Court of Los Angeles County and was affirmed by Division Three of this court in an unpublished opinion filed on June 25, 1969.[1] The record of that appeal and the decision therein of which we take judicial notice (Evid. Code, § 452, subd. (d)) disclose that the statement of the trial judge during the former trial that he found defendant not guilty was made mistakenly and inadvertently and was immediately corrected. In holding that this inadvertent statement had no legal effect upon the power of the court and in no way impaired the validity of the judgment, the affirming opinion states as follows:

"It is apparent from the foregoing explanation, from the few seconds which passed between the time of making the statement and the time of making the order striking it, that it was never intended for the statement to be entered upon the minutes of the court as its judgment. It is also apparent that the statement was inadvertently made and that such inadvertence was corrected immediately. Under the record here we believe the statement of the court may be properly characterized as an antecedent expression of the court which should not, and did not, restrict its power to declare its final conclusion of guilt that followed upon the completion of the trial. (See *People* v. *Grana,* 1 Cal.2d 565, 571 [36 P.2d 375]; *People* v. *Smith,* 176 Cal.App.2d 688, 692 [1 Cal.Rptr. 661]; *People* v. *McAllister,* 15 Cal.2d 519, 524 [102 P.2d 1072]; *People* v. *Thomas,* 52 Cal.2d 521, 529-531 [342 P.2d 889].)"

In short, appellant's prior felony conviction was conclusively proved by the court records of which the trial court properly took judicial notice.

---

[1]Under the unusual circumstances of this case, respondent's reference to the unpublished opinion of the Court of Appeal affirming appellant's prior felony conviction and our quotation therefrom are not regarded as violative of the rule that it is improper to cite as a precedent an opinion of the Court of Appeal which has been certified for nonpublication pursuant to rule 976(e) of the Rules on Appeal.

Manifestly, there was no reason for the court to advise the jury concerning the trial court's inadvertent pronouncement in the former proceeding.

■ Appellant's second contention is that his conviction of the general crime of forgery as defined in Penal Code section 470 is invalid for the reason that the particular conduct involved fell within the proscription of the more specific enactment of Penal Code section 484f. He seeks to invoke the rule that where particular conduct involved in a case falls within the proscription of a general felony statute and also of a more specific enactment, the prosecution must proceed under the latter law.

This identical contention was advanced by the appellant in *People* v. *Liberto,* 274 Cal.App.2d 460 [79 Cal.Rptr. 306], and was rejected by Division One of this court. We regard the reasoning of that decision as thoroughly sound and its conclusion unavoidable.

Finally, appellant contends that the trial court erred in failing to instruct the jury in the language of CALJIC No. 3.31 in order "to make clear to the jury that a specific intent or state of mind must exist at the time an act is performed for the crime to be committed." We reject this contention for the reason that a reading of the instructions given demonstrates that the jury was correctly and adequately instructed with regard to the requisite element of intent. Pursuant to appellant's request, the jury was instructed that "It is not sufficient that the accused merely signed the document in question in the name of another person knowing that he had no authority to do so unless you also find that he did so with an intent to defraud, as the intent to defraud is a necessary element of forgery." Appellant did not request any instruction in the language of CALJIC No. 3.31, and even if this particular instruction had been requested, its refusal would not have constituted error in view of the adequacy of the other instructions given.

The record herein contains two notices of appeal filed by appellant on the same date. The first of them indicates an appeal from the order revoking appellant's probation in case No. A-502070, the former action wherein he was convicted of robbery. The second notice of appeal is from the judgment in case No. A-504557 wherein he was convicted of forgery and which is the subject of our review herein. There is nothing whatever either in the record or in appellant's brief which so much as suggests any error, irregularity or abuse of discretion in the order revoking appellant's probation in the former action.

The order revoking probation in case No. A-502070 is affirmed. The

judgment in case No. A-504557 under review herein is affirmed, and the purported appeal from the order denying the motion for new trial is dismissed.

Roth, P. J., and Fleming, J., concurred.