504 P.2d 529

Josie L. SYKES, Appellant,

v.

STATE of Arizona ex rel. Herbert E. WILLIAMS, City Attorney for the City of Tucson, Appellee.

No. 2 CA–CIV 1279.

Court of Appeals of Arizona, Division 2.

Dec. 26, 1972.

Rehearing Denied Jan. 18, 1973.

Review Denied Feb. 20, 1973.

Lillian S. Fisher, Tucson, for appellant.

Herbert E. Williams, Tucson City Atty., by William E. Hildebrandt, Asst. City Atty., Tucson, for appellee.

HOWARD, Judge.

This is an appeal from a superior court order vacating a city magistrate's dismissal of a complaint. The facts are as follows.

Appellant, Josie Sykes, was charged in Tucson City Court with violating Tucson Code § 11–75, which states:

"Sec. 11–75. Loud and unnecessary noise generally prohibited.

It shall be unlawful for any person to create, assist in creating, permit, continue or permit the continuance of any unreasonably loud, disturbing or unnecessary noise in the city such as produces annoyance, inconvenience, discomfort, or hurt to any person, or to the enjoyment of property or comfort of any person, or affects the safety, health, or morals of the public. (Ord.No.2070, § 1, 8–1–60)"

Proceeding to trial, the City called its first witness, a police officer. Although there is no written record of his testimony, all parties agree that he had been summoned by a neighbor to investigate a barking dog. At this point in the proceeding, the magistrate questioned the City Attorney as to whether this was a "barking dog" case. Upon receiving an affirmative reply, the court indicated that it felt that Tucson City Ordinance § 4–100 should govern as to this case. This ordinance provides:

"Sec. 4–100. Barking, howling etc. dogs, disturbing peace, declared public nuisance.

It shall be unlawful for any person to own, keep, harbor, possess or maintain any dog, which dog, by long or continued barking, howling, or by other noises, shall disturb the peace and quiet of any person, family, or neighborhood; and such disturbance is hereby declared to be a public nuisance. (Ord.No.2829, § 1, 12–13–65)"

Stating that City Ordinance § 4–100 specifically deals with barking dogs as a nui-

sance, while Ordinance § 11–75 is a nuisance ordinance applying to anything which might be considered a nuisance and noting that specific statutes govern over general ones, the magistrate entertained and granted the appellant's motion to dismiss the complaint *with prejudice* over the City's objections.

Contesting the magistrate's action the City filed a petition for a special action and an order to show cause in superior court. In opposition to this petition, appellant, *inter alia,* questioned whether a special action remedy was appropriate. Apparently the magistrate had construed § 11–75 as a general nuisance ordinance and § 4–100 as a specific nuisance ordinance dealing with dogs.[1]

After hearing the matter and finding that (1) a special action was appropriate, (2) the offense charged could be prosecuted under § 11–75 or § 4–100, and (3) the city magistrate exceeded his jurisdiction in dismissing the case prior to hearing any evidence, the court entered an order mandating the setting aside of the dismissal and the resuming of the trial on the merits. It is from this order that appellant appeals, raising the following questions for our consideration:

1. Can a barking dog violation be prosecuted under § 11–75, a general statute dealing with disturbing the peace, or must it be prosecuted under § 4–100, the special ordinance which deals with barking dogs as a disturbance of the peace?

2. Did the city magistrate exceed his jurisdiction in dismissing the case with prejudice after some evidence was heard?

3. Is a petition for special action to the superior court the appropriate vehicle for reviewing a magistrate's ruling on a question of law?

Initially, we consider whether the state may institute a special action proceeding in

---

1. Although we do not consider it crucial as to the issues presented, for the sake of clarity we are constrained to point out that § 11–46 is the general nuisance ordi-

nance, whereas § 11–75 is a general disturbing the peace ordinance and § 4–100 is a specific disturbing the peace ordinance albeit declared a public nuisance.

**590**

superior court to challenge the validity of an inferior tribunal's action. Appellant relies upon A.R.S. § 22–425, subsec. B in contending that the state may not bring a special action proceeding. We fail to see how this statute has any application to the question presented.

A.R.S. § 22–425, subsec. B provides:

\*    \*    \*    \*    \*    \*

"B. Either party may appeal from a police court to the superior court in the same manner as appeals are allowed from justice of the peace courts."

■ This statute does not indicate when such an appeal lies. A.R.S. § 13–1712, as amended, is the statute which gives the state the right to appeal. A review of its provisions reveals that the state has no right to appeal under the circumstances of the present case.

There being no plain, speedy, adequate remedy by appeal, the state was correct in filing a special action proceeding in superior court. *Cf.*, Shenfield v. City Court of City of Tucson, Pima County, 8 Ariz.App. 81, 443 P.2d 443 (1968).

■ Setting forth the familiar principle of statutory construction that specific law governs over general, appellant cites Engle v. State of Arizona, 53 Ariz. 458, 90 P.2d 988 (1939) in arguing that she could not be prosecuted under § 11–75 for a case involving barking dogs. We do not think this case is applicable to the one at bar. In *Engle*, an express exception in the public nuisance statute made it certain that this statute was not intended to be applied against every type of public nuisance, but only against those where " . . . *the punishment for which is not otherwise prescribed*, . . . " No such limitation appears on the face of § 11–75. Nowhere does it indicate or imply that particular kinds of disturbances of the peace must be prosecuted under a different ordinance. Nor does Tucson Code § 4–100 indicate it is the exclusive remedy for prosecuting barking dog cases. The principle that specific law controls over the general applies only where the specific conflicts with the

general. State v. Lenahan, 12 Ariz.App. 446, 471 P.2d 748 (1970); Montana Association of Tobacco and Candy Distributors v. State Board of Equalization, 156 Mont. 108, 476 P.2d 775 (1970). Where there is no conflict between two ordinances, a criminal offense may be prosecuted under either where the facts of the case are such that they fall within the prohibition of both. State v. Culver, 103 Ariz. 505, 446 P.2d 234 (1968); State v. Lenahan, supra.'

Because of our disposition of the case, we find it unnecessary to determine whether the magistrate was correct in granting the dismissal with prejudice.

For the foregoing reasons, we affirm.

HATHAWAY, J., and T. J. MAHONEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge T. J. MAHONEY was called to sit in his stead and participate in the determination of this decision.