519 P.2d 867

**STATE of Arizona, Appellant,**

**v.**

**Rudy Norman ULMER, Appellee.**

**No. I CA–CR 575.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 14, 1974.

Moise Berger, Maricopa County Atty. by William H. Feldhacker, Deputy County Atty., Phoenix, for appellant.

Cornelius J. O'Driscoll, Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

The state has appealed from the trial court's order quashing the information which charged the defendant-appellee with a violation of A.R.S. § 13–421, forgery. In his motion to quash, the defendant contended that he had been charged under the wrong statute.

The facts forming the basis for the granting of the motion to quash were developed at the preliminary hearing and show that the defendant had attempted to purchase some stereo tapes and records having a value of less than $100 from a Phoenix record shop. In the process of making the purchase, the defendant used a Mastercharge card belonging to a Mr. James A. Western, and signed Mr. Western's name to the sales slip evidencing the transaction. As the defendant was replacing the credit card in his wallet, the sales clerk noticed defendant's true name on his driver's license. When the sales clerk questioned

the defendant concerning the discrepancy in names, the defendant ran from the store, leaving the merchandise behind.

Subsequent developments showed that the owner of the credit card had inadvertently left it at a gasoline service station where he had been waited upon by defendant, an employee of the station. Defendant's use of the card was unauthorized and without the consent of the owner. Based upon the foregoing facts, and particularly upon the signing by defendant of Mr. Western's name to the sales slip, the state charged the defendant under the general forgery statute, A.R.S. § 13–421, a felony. In his motion to quash, the defendant contended that he should have been charged under A.R.S. § 13–1075, one of several provisions specifically dealing with crimes involving credit cards. Section 13–1075, if applicable, would have resulted in a misdemeanor charge against defendant.

In response to defendant's motion to quash, the state argued that even if A.R.S. § 13–1075 could be considered applicable to defendant's conduct, the state would not thereby be precluded from electing to prosecute him under the general forgery statute. In support of this argument, the state placed great reliance upon the provisions of A.R.S. § 13–1079, which read as follows:

"This article shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this article, unless such provision is inconsistent with the terms of this article [§§ 13–1071 through 13–1079]."

The findings of the trial judge are set forth in his order granting defendant's motion to quash, and they indicate that he was of the opinion that § 13–1075 was applicable to defendant's conduct, and further that the felony penalty provided in § 13–421, as opposed to a misdemeanor penalty applicable to defendant's conduct under § 13–1075, made the two statutes "inconsistent" within the meaning of § 13–1079, *supra*. From this he reasoned that the state was precluded from prosecuting defendant under § 13–421, the general forgery statute.

On appeal the state presents two questions:

"Does A.R.S. § 13–1075 apply to this case?

"Is it proper to charge the Defendant under A.R.S. § 13–421 (Forgery) when there are specific statutes involving credit card offenses (§§ 13–1071 through 13–1079)?"

 The text of A.R.S. § 13–1075 is set forth below.[1] It is apparent from the penalty provisions of § 13–1075 that the essence of any claimed violation of this section is the *obtaining of money, goods, services, or anything of value* by the fraudulent use of credit cards under the conditions designated in the section. It is the "value obtained" which determines the classification of the violation as a misdemeanor or felony. Although it might well be argued that the defendant did not actually "obtain" the merchandise involved, and thus did not violate § 13–1075, this is not the argument here made by the state in support of its claim that § 13–1075 is not applicable.[2] It is the state's con-

---

1. A.R.S. § 13–1075 reads as follows:
 "Every person who, with intent to defraud, uses, for the purpose of obtaining money, goods, services, or any other thing of value, a credit card obtained or retained in violation of this article or a credit card which he knows is forged, expired, cancelled or revoked, or obtains money, goods, services or any other thing of value by representing, without the consent of the cardholder, that he is the holder of a specified card or by representing that

he is the holder of a credit card and such card has not in fact been issued, is guilty of a misdemeanor. If the value of all money, goods, services and other things of value obtained in violation of this section exceeds one hundred dollars in any consecutive six-month period, then that person is guilty of a felony."

2. But *see* People v. Ali, 66 Cal.2d 277, 57 Cal.Rptr. 348, 424 P.2d 932 (1967).

tention that § 13–1075 was not intended to apply to a direct credit card charge, but rather that the section "is designed to prevent the misuse or false presentation of a credit card *as a credit reference* in order to obtain services, goods or money." (Emphasis added). In our opinion § 13–1075 cannot be so restrictively construed. While it may well be applicable to circumstances involving the obtaining of goods, services or money by the use of a credit card as a mere credit reference, the language of the statute also clearly demonstrates its applicability to the obtaining of services, goods or money by the direct use of a credit card as a charging device. However, even the state does not contend that *none* of the statutes expressly covering crimes involving credit cards is applicable to conduct such as that here involved. On the contrary, the state urges that A.R.S. § 13–1074B is applicable, that the state *could* have prosecuted defendant under that section, and that a violation of that section constitutes a felony, as does a violation of the general forgery statute under which defendant was actually charged.[3] From this the state argues that inasmuch as the defendant could have been prosecuted for a felony under § 13–1074B, the purported "inconsistency", if any, relied upon by the trial judge disappears and thus the motion to quash should have been denied. Although defendant argues that § 13–1074B would not be applicable, we can perceive of no reason why defendant's conduct would not fall directly within its terms. He is a person "other than the cardholder"[4] who, with a fraudulent intent, signed "the name of" an "actual . . . person to a . . . sales slip . . . which evidences a credit card transaction". We have previously mentioned that the essence of a violation of § 13–1075 is the obtaining of services, goods or money under the circumstances designated in the statute through a credit card violation. The "obtaining" is not necessary to a violation of § 13–1074B. The essence of a violation under that section is the *signing* with a fraudulent intent of one of the listed documents evidencing a credit card transaction.

■ In People v. Gingles, 32 Cal.App. 3d 1030, 108 Cal.Rptr. 744 (1973), the California Court of Appeals in considering statutes practically identical to Arizona's §§ 13–1074B and 13–1075, rejected the appellant's contention that he must be prosecuted under the misdemeanor statute (same as Arizona's § 13–1075) rather than the felony statute (same as Arizona's § 13–1074B). The California court commented upon the numerous California decisions holding that forgeries of sales slips involved in credit card transactions could be prosecuted under either the general forgery statute or the specific statutes relating to credit card crimes, and further noted that the § 13–1075 type statute was much broader than the § 13–1074B type of statute, and covered many activities which might result in the obtaining of goods or services through the fraudulent use of a credit card which would not involve the forged signing of a sales slip. We agree with the California court that by the use of such clear language as is included in the § 13–1074B type statute, the legislature must have intended that when forgery was

---

3. In pertinent part, § 13–1074B reads as follows:

"B. Every person other than the cardholder who, with intent to defraud, signs the name of any actual or fictitious person to a . . . sales slip . . . which evidences a credit card transaction, is guilty of a felony."

The felony violation of § 13–1074B carries a penalty of not less than one nor more than five years. *See* A.R.S. §§ 13–1645 and 13–1644.01. The felony violation of § 13–421, the forgery statute, by its own terms carries a penalty of not less than one nor more than fourteen years.

4. Section 13–1071 2 defines "cardholder" as follows:

"2. 'Cardholder' means any person:

"(a) Named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer.

"(b) In possession of a credit card with the consent of the person to whom the credit card was issued."

involved in credit card transactions, such an act could be charged and punished as a felony. Here defendant signed Mr. Western's name to one of the listed documents, a sales slip, and it is our opinion that he could have been prosecuted under the felony provisions of § 13–1074B.

We now consider the state's second contention, that is, that it was proper to charge the defendant under the forgery statute, notwithstanding the existence of specific statutes dealing with credit card violations which were applicable to defendant's conduct, and which prescribe lesser penalties than that prescribed by the forgery statute.

■■ As a preliminary matter, we note that, contrary to the situation involved in State v. Thomas, 110 Ariz. 27, 514 P.2d 1023 (1973), we cannot here indulge in any presumption that by enacting §§ 13–1071 through 13–1079 the legislature intended to preclude the prosecution of crimes involving credit cards under any other statutes.[5] Section 13–1079, clearly indicates a legislative intention that crimes involving credit cards can still be prosecuted under previously existing statutory provisions, unless such provisions are "inconsistent" with the terms of the new provisions. The provisions of § 13–1079 are somewhat analogous to the generally accepted principle that where there is no conflict between two statutes, a criminal offense may be prosecuted under either where the facts are such that they fall within the prohibitions of both. Sykes v. State ex rel. Williams, 18 Ariz.App. 588, 504 P.2d 529 (1972); State v. Culver, 103 Ariz. 505, 446 P.2d 234 (1968).

■ In State v. Culver, *supra*, the defendant had been found guilty of the crime of violating A.R.S. § 13–311, dealing with the obtaining of money or property by bogus check, a *felony*. On ap-peal, she contended that she should have been charged under a later-enacted statute, A.R.S. § 13–316, dealing with the drawing of a check with no account or insufficient funds with the intent to defraud. The penalty provisions of the latter statute allowed the offense to be treated as a misdemeanor or a felony, depending upon the amount involved. The court recognized the above-stated general principle that there is no law which prohibits the prosecution of a criminal offense under either of two statutes where the facts of the case are such that they fall within the prohibition of both statutes. In considering whether the later enactment of § 13–316 effected an implied repeal of § 13–311, the court noted that statutes applicable to the same fact situation may be merely affirmative, cumulative or auxiliary, but that in order to create an implied repeal there must be a "positive repugnancy" between the two. The court then, notwithstanding the possible lower penalty prescribed by the later enactment, concluded that no repugnancy existed between the two statutes so as to preclude the prosecution of the defendant under the earlier felony statute. Although State v. Culver involved the question of an implied repeal and thus is not directly in point, it is our opinion that its holding illustrates that a mere difference in penalty provisions is not such an inconsistency (or in the language of Culver, "repugnancy") as would deprive the state of its generally accepted right to prosecute a criminal offense under any of several statutes which otherwise might be applicable.

As authority for the contention that he was incorrectly charged, the defendant relies upon People v. Ali, *supra*, footnote 2. This California decision stood for the proposition that a defendant must be charged under the specific statute regard-

---

5. In State v. Thomas the defendant had been charged and convicted of a violation of A.R.S. § 13–663, grand theft. He had taken a "tote-gote". After determining that a "tote-gote" was a "motorcycle" within the meaning of A.R.S. § 13–672, the Arizona Supreme Court without particularizing its reasoning, reversed the defendant's conviction and held that he should have been charged under § 13–672, and that his motion to quash the indictment should have been granted.

ing credit cards as opposed to the general forgery statute. However, at the time the decision was rendered by the California court, California had no statutory provision comparable to A.R.S. § 13–1079. Subsequent statutory enactment of a somewhat similar provision led to a reversal of People v. Ali, and the California decisions now allow prosecution under either the forgery or credit card statutes. *See* People v. Gingles, *supra*; People v. Liberto, 274 Cal.App.2d 460, 79 Cal.Rptr. 306 (1969); People v. Cobb, 15 Cal.App. 3d 1, 93 Cal.Rptr. 152 (1971).

 In summary, it is our opinion that the difference in penalties between the applicable provisions of the statutes specifically involving credit card crimes and A.R.S. § 13–421, the forgery statute, does not constitute an "inconsistency" within the meaning of § 13–1079 so as to preclude the prosecution of defendant under the general forgery statute.

The order quashing the information is reversed.

JACOBSON, C. J., Division 1, and EUBANK, J., concur.