575 P.2d 817

The STATE of Arizona, Appellee,

v.

Irene CANEZ, Appellant.

No. 2 CA–CR 975.

Court of Appeals of Arizona, Division 2.

Dec. 29, 1977.

Rehearing Denied Feb. 8, 1978.

Review Denied Feb. 28, 1978.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Daniel I. Ziskin, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was charged with and convicted of two counts of perjury and was placed

on probation for a period of five years with the further requirement that she make restitution of $570 to the Department of Economic Security at the rate of not less than $10 a month. In urging reversal of her conviction, appellant contends:

1. She was denied her constitutionally guaranteed rights to effective assistance of counsel and to a speedy trial because of delays brought about by intentional prosecutorial misconduct.

2. The trial court abused its discretion by granting the state's motion to continue the original trial date.

3. The trial court erred by its denial of her motion to dismiss the indictment.

4. Her motion for a directed verdict should have been granted because the state failed to prove (a) that she was under oath or affirmation, and (b) the state failed to prove that her statement was "required or authorized by law," both of which are requisite elements under the perjury statute.

5. Although the trial court adjudged appellant guilty of perjury, it did not believe she was guilty beyond a reasonable doubt.

Our review of the record discloses no basis for reversal and we therefore affirm.

Appellant contends that the prosecution "engaged in a series of patently unethical delay tactics" which deprived her of effective assistance of counsel and violated her constitutional right to a speedy trial. No useful purpose would be accomplished by reciting herein the chronology of postponements which appellant characterizes as "delaying maneuvers." Our review of the record satisfies us that adequate reasons were presented to justify the continuances.

According to appellant, she has a great deal of difficulty with English and was assigned the only Spanish-speaking trial attorney in the Public Defender's office. He was prepared to go to trial on November 20, 1975, the date originally set for trial, and was expected to leave the Public Defender's office at the end of November. Therefore, she maintains, it was "critical" to her defense that the case go to trial on the date originally set. She overlooks the fact, however, that the original postponement was in part occasioned by defense conduct—a pending motion to dismiss the indictment and failure of the defense to make certain disclosures pursuant to Rule 15.2, Rules of Criminal Procedure, 17 A.R.S. Furthermore, the court was not advised, at the hearing on the motion to continue, that defense counsel's departure from the Public Defender's office was imminent. The court was only told that defense counsel would like to go to trial the following week "because I think he will be leaving our office soon."

■ In essence, appellant's claim of denial of effective assistance of counsel is predicated on her preference for the lawyer originally assigned to represent her. One does not, however, have a vested right to a particular lawyer and the scope of our inquiry is limited to whether appellant had adequate representation. We find that a bilingual attorney undertook her defense, had adequate time to prepare, and did in fact vigorously represent her at trial. Appellant's claim of denial of effective assistance of counsel is negated by the record.

■ We likewise find no merit in appellant's contention that she was denied her right to a speedy trial. In deciding whether the constitutional right to a speedy trial has been denied, four factors are to be considered—the length of the delay, the reasons for it, the defendant's assertion of his rights, and any prejudice caused thereby— no one factor is necessarily controlling. *State v. Wright*, 113 Ariz. 313, 553 P.2d 667 (1976). Analysis of the factors requires rejection of appellant's claim. During the six months period subsequent to the first continuance, the state's responsibility for delays was minimal in comparison to appellant's, and appellant did not object to the state's postponements or demonstrate prejudice caused by the delay.

Appellant was charged under A.R.S. § 13–561, the perjury statute, which at the time of the offenses read:[1]

"A person who, in a trial, hearing, investigation, deposition, certification or declaration, in which making or subscribing a statement is required or authorized by law, makes or subscribes a material statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true, or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury."

Appellant filed a motion to dismiss the indictment on the grounds that she had been charged under the wrong statute, contending that she should have been charged with a violation of A.R.S. § 46–215, which at the time of the offenses read:

"A. A person is guilty of a misdemeanor who knowingly obtains, or attempts to obtain, or aids, or abets any person to obtain by means of a false statement or representation, or by impersonation, or by other fraudulent device:

1. Assistance or service to which he is not entitled.

2. Assistance or service greater than that to which he is entitled.

3. Payment of any forfeited installment grant, or aids or abets in buying or in any way disposing of the property of a recipient of assistance or service without the consent of the state department, with intent to defeat the purpose of this title.

B. A person guilty of a misdemeanor under subsection A shall be punished by a fine of not more than two hundred fifty dollars, or by imprisonment for not to exceed three months, or both. In imposing the penalty, the court shall consider the amount of money fraudulently received."

The indictment alleged:

### "COUNT ONE (PERJURY)

On or about the 3rd day of February, 1975, IRENE CANEZ committed perjury by subscribing as follows: 'I am the payee named in a certain state Welfare, ADC # 74025 warrant in the amount of $264.00, drawn by the Commissioner of Finance on the State Treasurer of Arizona, numberd [sic] 787260 and dated 6–10–74, same, or a copy thereof, being hereto attached. The signature "Irene de Canez" endorsed on the back of said warrant is a forgery and was not written, or authorized, nor procured to be written by me, but was written by some person to me unknown. I have not received the money directed to be paid to me by said warrant, nor any part thereof.', all in violation of A.R.S. §§ 13–561 and 13–572.

### COUNT TWO (PERJURY)

On or about the 3rd day of February, 1975, IRENE CANEZ committed perjury by subscribing as follows: 'I am the payee named in a certain state Welfare ADC warrant in the amount of $306.00 drawn by the Assistant Director for the Division of Finance on the State Treasurer of Arizona, numbered 5142748 and dated 12–10–74, same, or a copy thereof, being hereto attached. The signature "Irene Canez" endorsed on the back of the said warrant is a forgery and was not written, nor authorized, nor procured to be written by me, but was written by some person to me unknown. I have not received the money directed to be paid to me by said warrant, nor any part thereof.', all in violation of A.R.S. §§ 13–561 and 13–572."

■ Appellant's position is that the prosecution under the general perjury statute was precluded because there was a special statute, A.R.S. § 46–215, supra. It is true that where a special statute deals with

---

1. § 13–561. Perjury by single statement

"A person who, in any trial, hearing, investigation, deposition, certification or declaration, makes or subscribes a material statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true, or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. As amended Laws 1976, Ch. 116, § 5, eff. June 24, 1976."

the same subject as the general statute, the special statute will control. *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973); *State v. Marcus*, 104 Ariz. 231, 450 P.2d 689 (1969). When the facts of an offense found in a general statute parallel the acts proscribed by a specific statute, there cannot be a prosecution for violation of the general statute. *People v. Smith* 248 Cal.App.2d 134, 56 Cal.Rptr. 258 (1967). In other words, the special statute will be regarded as an exception or qualification of the general one. However, the principle that the specific law controls over the general applies only where the specific conflicts with the general. *Sykes v. State ex rel. Williams*, 18 Ariz.App. 588, 504 P.2d 529 (1973); *State v. Lenahan*, 12 Ariz.App. 446, 471 P.2d 748 (1970).

■ We find no such conflict here. A.R.S. § 46–215, supra, is part of Art. 1, Chapter 2, Title 46 entitled "Procedure to Claim Assistance." The factual context of the false statement allegedly made by appellant had nothing whatsoever to do with making a claim for assistance. She already was an assistance recipient and the false statements pertained to the endorsement of two assistance checks, i. e., that the signature endorsed on the back of each check was a forgery and was not written, authorized, or procured to be written by her but was written by some person unknown to her. Since the material proof was not exclusively a specific violation of A.R.S. § 46–215, it did not control to the exclusion of the general perjury statute. Compare *People v. Ruster*, 16 Cal.3d 690, 129 Cal. Rptr. 153, 548 P.2d 353 (1976); *People v. Smith, supra*. We find no error in the denial of appellant's motion to dismiss the indictment.

■ Appellant's contention that her motion for a directed verdict should have been granted is equally without merit. Introduced into evidence were two affidavits of forgery, each of which recited that it was subscribed and sworn to before a notary public. The phrase, "subscribed and sworn to before me" was evidence of due administration of an oath. *Huff v. Commonwealth*

*of Virginia*, 213 Va. 710, 194 S.E.2d 690 (1973); *American Home Life Insurance Company v. Heide*, 199 Kan. 652, 433 P.2d 454 (1967); 2A C.J.S. Affidavits § 31. Seeing no evidence to the contrary, the trial court could properly conclude that appellant had subscribed the statement under oath or affirmation.

■ Appellant also claims that the state failed to prove the statement was "required or authorized by law." The trial court, however, concluded that the affidavit of forgery executed by appellant was "authorized by law" under A.R.S. § 35–186(A):

"When it appears to the satisfaction of the assistant director for the division of finance, *by affidavit* or otherwise, that any warrant has been lost or destroyed prior to payment and there is no reasonable probability of its being found or presented or that a warrant has not been presented for payment within the time specified on the face thereof, the division of finance may issue to the owner a duplicate of such lost, destroyed or out-of-date warrant." (Emphasis added)

There is no question but that if a warrant falls into the hands of one other than the named payee and the payee's signature is forged and the check cashed, it is "lost" to the intended recipient. Furthermore, once it has been cashed, it has already been presented and therefore "there is no reasonable probability of its being found or presented." Administrative construction of the statute in this fashion is borne out by the fact that the form executed by appellant was entitled "Affidavit of Forgery to State of Arizona" and contained a direction that the completed form be returned to the Division of Finance.

■ Appellant's final contention is that at the time of sentencing the trial court expressed doubts as to her guilt. We do not so construe the court's comments concerning appellant's reluctance to admit that she had committed the crimes. They were nothing more than an explanation by the court of why it would not impose a more severe penalty, as requested by the state,

merely because appellant failed to show contrition.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.