576 P.2d 1383

**The STATE of Arizona, Appellee,**

v.

**Alfred E. SCOTT, Appellant.**

**No. 2 CA–CR 1155.**

Court of Appeals of Arizona, Division 2.

Feb. 7, 1978.

Rehearing Denied March 15, 1978.

Review Denied April 4, 1978.

---

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Donald S. Klein, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was charged with one count of first degree arson and one count of arson with intent to defraud an insurer and was found guilty by a jury of both counts. At sentencing, the court on its own motion ordered dismissal of the arson with intent to defraud insurer count and sentenced appellant to not less than two nor more than four years on the first degree arson conviction. Appellant asserts three grounds for reversal.

Appellant's first contention is the trial court erred when it refused to give a specific intent instruction as to the arson charge. A.R.S. § 13–231 provides:

"A person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of a dwelling house, or a tent used as a dwelling, whether occupied, unoccupied or vacant, or a kitchen, shop, barn, stable or outbuilding, belonging to or adjoining thereto, whether the property of himself or of another, is guilty of arson in the first degree, and shall be punished by imprisonment in the state prison for not less than two nor more than twenty years."

Appellant argues that since the state is required to prove that the burning was done wilfully and maliciously, the court should have given the following requested instruction:

"In the case of certain crimes, it is necessary that the criminal act be accompanied by a specific or particular intent, without which the crime is not committed.

In the crime of arson, a necessary fact to be proved is the existence in the mind of the defendant of the specific intent to wilfully and maliciously burn his house. . . ."

We find no error in the trial court's refusal to give this instruction. To be a wilful and malicious burning in the law of arson, the burning must simply be done voluntarily and without excuse or justification and without any bona fide claim of right. *In re Appeal In Pima County Juvenile Action No. J–37390–1,* 116 Ariz. 519, 570 P.2d 206 (App. 1977). Arson is a crime of general, rather than specific intent and the requirement that the defendant act "wilfully and maliciously" does not mean that the defendant must have an actual subjective purpose that the act he does intentionally shall produce either a (1) setting afire or burning of the structure or (2) damage to or destruction of said structure. *State v. O'Farrell,* 355 A.2d 396 (Me.1976). As pointed out in *State v. Bell,* 113 Ariz. 279, 551 P.2d 548 (1976) reh. den. 113 Ariz. 326, 553 P.2d 1200 (1976), the word "wilfully" does not add a specific intent element. "Wilfully" means intentionally as distinguished from accidentally or involuntarily and "maliciously" means that state of mind which actuates conduct injurious to others without lawful reason, cause or excuse. *In re Appeal In Pima County Juvenile Action No. J–37390–1,* supra; see also, A.R.S. § 1–215(36) and (15).

Furthermore, characterization of a crime as one of specific or general intent has little meaningful significance in instructing the jury. The critical issue is that the requisite state of mind be accurately described and where, as here, the jury was correctly instructed as to the particular mens rea of arson, it was not necessary to further characterize the intent as either general or specific. *People v. Faubus,* 48 Cal.App.3d 1, 121 Cal.Rptr. 167 (1975).

Appellant's second contention is that the court erred in refusing to dismiss or direct a verdict of acquittal on the first degree arson charge. He claims that A.R.S. § 13–235 proscribing arson with intent to defraud an insurer is a more specific statute than A.R.S. § 13–231, first degree arson, and therefore he should have been charged solely under A.R.S. § 13–235. The principle that the specific law controls over the general applies only where the specific conflicts with the general. *Sykes v. State ex rel. Williams,* 18 Ariz.App. 588, 504 P.2d 529 (1972). Such is not the case here. An essential element of A.R.S. § 13–235 is a specific intent to defraud an insurer. 2 Wharton's Criminal Law and Procedure § 402. Such intent is not necessary to a violation of § 13–231 which, as we have discussed above, is a general intent crime. Although appellant under the facts of this case could not be punished for both violations, *State v. Latino,* 25 Ariz.App. 66, 540 P.2d 1285 (1975), the state was not required to make an election as to which charge to prosecute. *State v. Culver,* 103 Ariz. 505, 446 P.2d 234 (1968); *State v. Ulmer,* 21 Ariz.App. 378, 519 P.2d 867 (1974).

We also reject appellant's claim that it was prejudicial error to submit both charges to the jury. The separate charges do not "state the same crime in different ways" as in *State v. Hunt,* 2 Ariz.App. 6, 19, 406 P.2d 208 (1965). The fact situation here is not analogous to *Hunt.* The totality of proof required for conviction on the arson charge was not the same but was less than that required for conviction on the arson with intent to defraud the insurer charge. As stated in *State v. Schwartz,* 14 Ariz.App. 531, 484 P.2d 1060 (1971):

"Under such circumstances there can be no requirement that the state elect which charge to submit to the jury. It was properly left to the jury to decide whether the facts supported the lesser charge only, or also the greater charge. Of course, once the jury determined by its verdicts that the facts supported both charges, then A.R.S. § 13–1641 became applicable preventing double punishment." 14 Ariz.App. at 534, 484 P.2d at 1063.

Appellant lastly contends he was deprived of effective assistance of counsel because counsel failed to move to suppress fruits of the arson investigation. He argues that counsel should have challenged the admissibility of evidence obtained as a result of non-consensual, warrantless postfire searches of the premises. There are cases, however, which would indicate that the warrantless search of premises during the early morning hours immediately after the fire occurred and the subsequent search during the daytime would be upheld. *State v. Felger,* 19 Or.App. 39, 526 P.2d 611 (1974); *Bennett v. Commonwealth,* 212 Va. 863, 188 S.E.2d 215 (1972); *United States v. Green,* 474 F.2d 1385 (5th Cir. 1973). In any event, the mere claim that counsel failed to make a motion to suppress does not establish ineffective assistance of counsel, *State v. Greathouse,* 519 S.W.2d 299 (Mo.App.1975); *People v. Somerville,* 42 Ill.2d 1, 245 N.E.2d 461 (1969), especially where it is not clear that such motion would have been sustained. *State v. Cooper,* 161 N.W.2d 728 (Iowa 1968). In *State v. Lopez,* 3 Ariz.App. 200, 412 P.2d 882 (1966), upon which appellant relies, we stated:

"It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled. [citation omitted]." 3 Ariz.App. at 204, 412 P.2d at 886.

In *Lopez,* however, the record demonstrated to us that trial counsel's failure to challenge

the admission of crucial evidence connecting appellant with the charged crime, which was at least arguably excludable as the fruit of an illegal search and seizure, resulted from lack of preparedness. Here there is no indication in the record that defense counsel failed to make those careful factual and legal inquiries and investigations necessary to a constitutionally adequate defense and therefore we indulge in the hypothesis that trial counsel made a deliberate, informed choice. *People v. Jenkins,* 13 Cal.3d 749, 119 Cal.Rptr. 705, 532 P.2d 857 (1975). The record discloses, contrary to appellant's position, that trial counsel presented a vigorous defense and ably represented appellant. His only "ineffectiveness" was that the jury believed the state's evidence and found appellant guilty.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.