685 P.2d 1364

**STATE of Arizona, Appellant,**

v.

**Raas MUSSIAH, Appellee.**

**No. 1 CA–CR 6972.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 2, 1984.

---

John Verkamp, Coconino County Atty. by Jon W. Thompson, Deputy County Atty., Flagstaff, for appellant.

Aspey, Watkins & Diesel by Bruce S. Griffen, Flagstaff, for appellee.

## OPINION

GREER, Judge.

Appellee was charged with theft, a class 3 felony, in violation of A.R.S. § 13–1802. The appellee rented a car on June 11, 1981 from a Flagstaff rental agency, and agreed to return the car to Phoenix, Arizona, by June 14, 1981. He failed to return the car. On or about August 7, 1981, the appellee was found in possession of the car in Oakland, California, and was arrested on October 8, 1982. On December 13, 1982, he pled guilty to the reduced charge of failure to return rented property under A.R.S. § 13–1806, in exchange for dismissal of the theft charge and a guarantee of probation. The trial judge rejected that portion of the plea agreement which guaranteed probation, and on January 17, 1983, appellee moved to withdraw his plea of guilty. The state moved to set the matter for trial, and amended the indictment on February 2, 1983.

On March 1, appellee moved to dismiss the indictment for insufficiency, pursuant to Rule 16.5(b), Arizona Rules of Criminal Procedure, arguing that he was erroneously charged with violating the general theft statute when the more specific statute,

A.R.S. § 13–1806 [1] applied to the facts of his case. The trial judge heard oral argument and granted the motion to dismiss, without prejudice.

The state raises two issues on appeal: 1. The trial court erred in finding that appellee should have been charged with failure to return rental property (A.R.S. § 13–1806), and in dismissing the indictment for theft, (A.R.S. § 13–1802). 2. A motion to dismiss, pursuant to Rule 16.5(b), Arizona Rules of Criminal Procedure, is not the proper procedure to raise this claim.

We hold that the trial court did err in dismissing the indictment, and we therefore reverse and remand.

■ We agree with the state that the appellee was properly charged under the general theft statute [2] notwithstanding the existence of a more specific statute which also could be applicable to the appellee's conduct. It is generally accepted that where there is no conflict between two statutes, a criminal offense may be prosecuted under either statute where the facts are such that they fall within the prohibitions of both. *State v. Ulmer,* 21 Ariz. App. 378, 382, 519 P.2d 867, 871 (1974).

Appellee contends that the general theft statute, A.R.S. § 13–1802, and the statute charging failure to return rental property, A.R.S. § 13–1806, are in conflict or repugnant to one another. *State v. Canez,* 118 Ariz. 187, 575 P.2d 817 (App.1977); *State v. Ulmer, supra.* He argues that the legislative intent, the nature of the punishment, and the nature of the subject matter are indicators of conflict or repugnancy between the two statutes. He notes that the culpable mental states are different, the elements of the offenses are different, and the defenses under each statute are different.

■ We agree that the statutes are different. However, in our minds, the two statutes cover different offenses which can occur under one set of facts; they do not conflict so as to evidence a legislative intent to require prosecution under § 13–1806. The intent to deprive required for theft is a material difference from the knowing failure to return. This difference, plus the other differences mentioned by appellant, shows the legislature's intent to cover fact situations which may involve both statutes, not the intent to "except" failure to return rental property from the theft statute. Thus, the state has the opportunity to select the statute most appropriate in each case. In this case, the facts that appellant rented a car, agreed to return it by a certain date, yet did not do so, and was apprehended in another state support the charge of theft.

■ Additionally, the legislative history of the general theft statute supports prosecution for this kind of crime under that section. At common law, the crime of unlawfully retaining property to which one had received lawful possession in the first instance was embezzlement, not theft. [3] The comments to A.R.S. §§ 13–1801 and 13–1802 read in part:

> 2. Converts for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; or
>
> 3. Obtains property or services of another by means of any material misrepresentation with intent to deprive him of such property or services;
>
> \*     \*     \*     \*     \*     \*

1. A.R.S. § 13–1806(A) provides:

    A person commits unlawful failure to return rented property if, without notice to and permission of the lessor of property, such person knowingly fails without good cause to return such property within seventy-two hours after the time provided for such return in the rental agreement.

2. A.R.S. § 13–1802(A) provides, in pertinent part:

    A. A person commits theft if, without lawful authority, such person knowingly:

    1. Controls property of another with the intent to deprive him of such property; or

3. C. Torcia, *Wharton's Criminal Law,* § 395 at 398–402 (14th ed. 1980); *see also Phelps v. State,* 25 Ariz. 495, 219 P. 589 (1923).

For all practical purposes, the verbal distinctions among embezzlement, receiving stolen property, finding and keeping lost property, defrauding an innkeeper and similar theft offenses are abolished and replaced by a singular concept of depriving another of his or her property or services.

*Arizona Criminal Code Commission,* Arizona Revised Criminal Code, §§ 1801–1805 at 179, (1975). Thus, the new theft statute includes offenses such as the one at bar which, under earlier distinctions, could only have been labeled embezzlement.[4]

Appellee relies upon the following comment from the *Arizona Criminal Code Commission,* Arizona Revised Criminal Code (1975) to support his legislative intent argument:

Sections 1801–1806 attempt to (1) eliminate the technical and often confusing distinctions between the various forms of larceny perpetuated by the present Arizona statutes and case law; (2) define with greater clarity, in deference to contemporary economics, the line between criminal and noncriminal acquisitive conduct; and, (3) establish a more rational classification of property crimes to reduce unwarranted disparity in punishments.

Sections 1801–1805 at 178. This statement refers to a very broad range of new statutory material and points to no particular conflict or repugnancy between these two particular statutes.

■ Appellee next contends that the disparity in punishment between the two offenses indicates a conflict. We held in *State v. Ulmer, supra,* that disparity in punishment alone does not create a conflict.

Finally, appellee relies on the holding of *State v. Thomas,* 110 Ariz. 27, 514 P.2d 1023 (1973) to support his contentions. In that case, the Arizona Supreme Court held only that a "Tote gote" is a motorcycle

within the definition of A.R.S. § 13–672, and therefore the defendant should have been charged under that statute rather than the grand theft statute which covered motor vehicles. That case does not demonstrate a repugnancy between A.R.S. § 13–1802 and § 13–1806.

■ The state asserts that the appellee did not file a timely "responsive pleading" to the amended indictment of February 2, 1983, under Rule 35, Arizona Rules of Criminal Procedure. We note only that appellee's motion to dismiss is not a pleading in response to the amended indictment, and was therefore not subject to the 5-day requirement of Rule 35.1.

## MOTION TO DISMISS

■ Appellee moved to dismiss the indictment under Rule 16.5(b), Arizona Rules of Criminal Procedure, alleging that he was charged under the wrong statute. The state contends that a Rule 16.5(b) motion is improper for this kind of challenge to the indictment because the judge must not weigh the evidence when deciding the sufficiency of the indictment. The state relies upon *State ex rel. Preimsberg v. Rosenblatt,* 112 Ariz. 461, 543 P.2d 773 (1975) to support its position.

Rule 16.5(b) states:

The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information or complaint is insufficient as a matter of law.

The comments to Rule 16.5(b) state, in part:

This section has no direct parallel in the former rules. It is not intended to create any new grounds for dismissing a prosecution, but merely abolishes the "motion to quash" of the 1956 Arizona Rules of Criminal Procedure, Rules 166–177.

The motion to dismiss tests the basic legal sufficiency of the prosecution; it

---

**4.** *See also* C. Torcia, *Wharton's Criminal Law,* *supra,* § 421 at 445.

can be based on any ground recognized by law.

This type of question has been properly raised on the former motion to quash. *See State v. Ulmer, supra.* Further, the state's reliance on *State ex rel. Preimsberg v. Rosenblatt* is misplaced. *Rosenblatt* held that an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. Appellee challenged the sufficiency of the indictment on its face. Appellee properly used the motion to dismiss as a vehicle to challenge the legal sufficiency of the indictment.

Reversed and remanded.

BROOKS, P.J., and EUBANK, J., concur.