514 P.2d 1023

**STATE of Arizona, Appellee,**

v.

**Carl Anthony THOMAS, Appellant.**

**No. 2508.**

Supreme Court of Arizona, In Banc.

Oct. 4, 1973.

Gary K. Nelson, Atty. Gen., Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Roger H. Lichty, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Carl Anthony Thomas was charged on July 8, 1970 by information # 63457 in Superior Court with one count of burglary, first degree, in violation of A.R.S. §§ 13-301, 13-302, and §§ 13-138, 13-139, and 13-140. Count two charged the defendant with theft of a motorcycle in violation of § 13-672 and §§ 13-138, 13-139, and 13-140.

On October 14, 1971 an indictment # 70034 was returned by the Maricopa County Grand Jury charging the defendant with grand theft of a "Twister" tote gote in violation of A.R.S. §§ 13-661, subsec. A, 13-671, and 13-663, subsec. A.

The defendant was arraigned on July 16, 1970 in cause # 63457 to which he entered a plea of not guilty. On October 20, 1971 he was arraigned in cause # 70034, and again entered a plea of not guilty. By stipulation of counsel causes 63457 and 70034 were consolidated into one matter for trial.

Defense counsel moved the trial court to quash the indictment in cause # 70034 on the grounds that it was in part founded upon improper and prejudicial evidence, that the Grand Jury did not properly direct the County Attorney to prepare the indictment, and that the indictment improperly charged the defendant with grand theft. The court denied the defense motion to quash. The trial in this matter commenced on November 29, 1971.

At the close of the state's case the defense counsel moved again to quash the indictment which motion was denied. The court also denied defendant's motion for a directed verdict.

The jury returned a verdict of guilty. The court sentenced the defendant to serve not less than ten years nor more than twenty years for the crime of Grand Theft in Cause # 70034. In Cause # 63457 defendant was sentenced to a term of not less than ten nor more than twenty years for First Degree Burglary and not less than nine nor more than ten years for Grand Theft of a Motorcycle. The court ordered that the sentences were to be served concurrently.

Three questions are presented: (1) Did the trial court err in denying defense counsel's motion to quash the indictment in cause # 70034 for the reason that defendant was improperly charged with grand

theft instead of theft of a motorcycle? (2) Did the County Attorney fail to establish a sufficient foundation to impeach Mr. Dunn's testimony with prior inconsistent statements made to the witness Hasenmueller? (3) Did the evidence submitted to the grand jury in cause # 70034 result in a deprivation of due process of law under the Fourteenth Amendment to the United States Constitution for the reason that the evidence presented to the grand jury was not presented in a fair and impartial manner?

The answer to the first question depends upon whether a "tote gote" is a "motorcycle" within the meaning of A.R.S. § 13–672. A.R.S. § 28–122 defines "motorcycle" as "* * * a motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor".

Webster's 3d International Dictionary defines "motorcycle" as "a two wheeled tandem automotive vehicle having one or two riding saddles and sometimes having a third wheel for the support of a side car."

We believe a tote gote is a motorcycle under either definition. Therefore the defendant was improperly charged with grand theft, under A.R.S. § 13–663. The indictment being incorrect the trial court should have granted the motion to quash.

With regard to question number two there was sufficient foundation laid by the County Attorney to avoid surprise and to give the witness a chance to explain or admit the statement. The witness Dunn was vague in his answers as to what he had told Hasenmueller the probation officer. Hasenmueller's testimony was to the contrary, that the witness Dunn had told him that Dunn and the defendant had participated in prying open the garage door where the Honda motorcycle was. The jury was instructed to consider this evidence only for impeachment purposes, not as substantive evidence. We believe if there was error, it was not prejudicial.

With regard to the last question it has been held that "* * * no indictment shall be quashed or judgment of conviction set aside on the ground that there was not sufficient legal evidence" Rule 103, Rules of Criminal Procedure, 17 A.R.S. (1956); Pfeiffer v. State, 35 Ariz. 321, 278 P. 63 (1929); State v. Von Reeden, 9 Ariz.App. 190, 450 P.2d 702 (1969). There was sufficient legal evidence to sustain the charges of burglary and theft of a motorcycle in cause # 63457.

Judgment reversed and sentence set aside as to cause # 70034 and affirmed as to cause # 63457.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.