553 P.2d 1203

**The STATE of Arizona, Appellee,**

v.

**Richard K. BROSIE, Appellant.**

**No. 3355–PR.**

Supreme Court of Arizona,
In Banc.

July 13, 1976.

Motion for Rehearing Denied Sept. 9, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant was tried by jury and convicted of voluntary manslaughter. The conviction was affirmed in the Court of Appeals, 24 Ariz.App. 517, 540 P.2d 136 (1975). We granted review to examine only the correctness of the trial court's instruction on insanity. Judgment of conviction affirmed.

Appellant shot his wife's paramour and then stabbed him 48 times. Two of the four psychiatrists who testified at his trial testified that he was insane at the time he committed the homicide. Edward Meshorer, M.D., whose specialty is in psychiatry, testified:

"Well, as I said before, he was in an accute [sic] psychotic state which by definition means his hold on reality became very, very tenuous, so that he did not know what he was doing, and therefore any act that would require a certain amount · of rationality would be ruled out."

David Barry Gurland, M.D., whose specialty is in psychiatry, testified in answer to this question:

"Q. During this, if I may refer to it as a psychotic situational stress reaction, do you have an opinion, during such a situation, do you have an opinion as to whether in this instance Mr. Brosie knew the nature and consequences of his acts?

A. By definition when one is in this state they are no longer aware of the nature and consequences of their acts. They are totally out of it that any awareness of that is long since gone while they are in this state."

One of the other two doctors testified Brosie was insane at least part of the time during the course of the incident.

The court instructed the jury:

"If you determine the defendant did not know right from wrong, or if you determine that he did not know the probable results of his acts, then he was not sane."

In Arizona the accepted test for criminal insanity is the rule of M'Naghten's Case. *State v. Everett,* 110 Ariz. 429, 520 P.2d 301, *cert. denied* 419 U.S. 880, 95 S. Ct. 144, 42 L.Ed.2d 120 (1974); *State v. Schantz,* 98 Ariz. 200, 403 P.2d 521 (1965), *cert. denied* 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966). It was originally stated in M'Naghten's Case (1843) that insanity was a defense to a charge of murder if:

" * * * at the time of the committing of the act, the party accused was labouring under such a defect of reason * * * as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong." 10 Clark & Finnelly 208, 8 Eng.Reprint 718, 722 (1843).

M'Naghten is a test of a defendant's cognition, his knowledge or awareness at the time of the crime.

> "This test of legal insanity has two elements. An accused must have had at the time of the commission of the criminal act:
>
> (1) Such a defect of reason as not to know the nature and quality of the act, or
>
> (2) If he did know, that he did not know he was doing what was wrong."
>
> *State v. Schantz,* supra, 98 Ariz. at 207, 403 P.2d at 525.

The first element of the test is knowledge in the sense of awareness of the "nature and quality of the act." It encompasses the ability of an accused to comprehend what he was doing. *People v. Crosier,* 41 Cal.App.3d 712, 116 Cal.Rptr. 467 (1974), *cert. denied* 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 453, *reh. denied* 422 U.S. 1049, 95 S.Ct. 2669, 45 L.Ed.2d 703 (1975); *Hixon v. State,* 165 So.2d 436 (Fla.App.1964); *People v. Sherwood,* 271 N.Y. 427, 3 N.E.2d 581 (1936); *People v. Irwin,* 166 Misc. 751, 4 N.Y.S.2d 548, 550–551 (1938) and cases cited therein; Perkins, Criminal Law, 747–748 (1957). And *see State v. Esser,* 16 Wisc.2d 567, 115 N.W.2d 505, 521–522 (1962).

The words "know the nature" refer to the ability of a person to be aware of the physical characteristics of his acts. If the accused knew that he was doing the acts (shooting and stabbing), the true character of his activity, then he knew the nature of his acts. Knowledge of the "quality" of the act refers to the ability to comprehend its harmfulness. This is sometimes described as knowledge of the consequences of the act. *State v. Macias,* 60 Ariz. 93, 131 P.2d 810 (1942). If the accused understood that shooting or stabbing would cause serious bodily injury and possibly death, he understood the quality of his acts. *See* Davidson, Forensic Psychiatry, 4–5 (2nd ed. 1965); Hall, *Responsibility and Law; In Defense of the M'Naghten Rules,* 42 A.B.A.J. 917 (1956).

The instruction given by the court below was taken verbatim from the Recommended Arizona Jury Instructions (R. A.J.I., Criminal Defense Standard No. 5). The first clause of the instruction is consistent with the second element of the M'Naghten Rule that the accused "did not know he was doing what was wrong." But the second clause clearly leaves out the accused's knowledge of the nature of his act; namely, that the jury must find that an accused knew what he was doing.

Technically the instruction is, therefore, incorrect. It should advise the jury to determine whether defendant knew the nature of as well as the consequences of the act. However, while we do not approve the instruction as given, it is not prejudicial error.

The jury was instructed that if it determined appellant did not know the probable results of his acts, then he was not sane. It must have found, in order to return a guilty verdict, that appellant knew the probable consequences of his acts. Since the jury found that appellant knew the probable consequences of his acts, it must have believed that he was aware of the nature of the acts, what the acts were. Or, to put it conversely, if the jury believed the defendant did not know the nature of his acts, it could not have found that he knew their probable results.

As stated, we do not approve of the deletion of the element of knowledge of the nature of the act because it tends to focus the jury's attention only upon the consequences of the defendant's act. Since the error in the instant case is harmless, the judgment of conviction is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN, and GORDON, JJ., concurring.