555 P.2d 898

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT, IN AND FOR the COUNTY OF PIMA, and Honorable William Druke, Judge of the Superior Court, Respondents,

and

Jack F. ROCK, Real Party in Interest.

No. 2 CA–CIV 2299.

Court of Appeals of Arizona, Division 2.

Sept. 1, 1976.

Rehearing Denied Sept. 29, 1976.

Petition for Review Denied Oct. 26, 1976.

David G. Dingeldine, Pima County Atty. by Raner C. Collins, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by Jeffrey D. Bartolino, Asst. Public Defender, Tucson, for real party in interest.

HOWARD, Chief Judge.

The real party in interest was charged under A.R.S. Secs. 13–661, 13–662, 13–663, 13–671, 13–688 and 13–682 with grand theft by embezzlement of a motor vehicle. Based on *State v. Thomas,* 110 Ariz. 27, 514 P.2d 1023 (1973) the trial court granted his motion to dismiss without prejudice on the grounds that since a motor vehicle was involved, he should have been charged under A.R.S. Sec. 13–672(A) which states:

> "It shall be unlawful for any person to take from another a motor vehicle . . . with the intent to deprive either temporarily or permanently such other person of such motor vehicle . . . ."

The foregoing statute is to be contrasted with A.R.S. Sec. 13–682(A) which states that a person is guilty of theft by embezzlement who:

> "1. Is entrusted with, or has in his control, property for the use of any other person, and fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust the property which he has in his possession or under his control by virtue of his trust . . . ."

It is elementary that the difference between larceny and embezzlement consists in the manner in which the defendant comes into possession of the goods. Embezzlement is a statutory offense designed to punish those who lawfully come into possession of property and subsequently form the intent to appropriate it to one's own use. It is designed to penalize those conversions which could not be prosecuted at common law as larceny because there was no trespassing taking. Wharton, Criminal Law and Procedure, Vol. 2, Sec. 514, p. 192 (1957); *State v. Tauscher,* 227 Or. 1, 360 P.2d 764 (1961).

Under A.R.S. Sec. 13–672 the taking must be with the intent to steal (animus furandi) or with the intent to temporarily deprive. The facts of the case at

bench show that the real party in interest came into possession of the automobile when the owner gave him the keys so that he could repair it. He took the automobile for a test drive and never returned with it. This is a classic case of embezzlement. If the State were forced to charge him under A.R.S. Sec. 13–672, it could not get past a motion for a directed verdict.

In *State v. Thomas,* supra, the defendant stole a motor vehicle and was charged with grand theft under A.R.S. Sec. 13–663 instead of A.R.S. Sec. 13–672(A). The court, without citation of authority or without particularizing its reasoning, stated that defendant was improperly charged with grand theft. The facts in *State v. Thomas,* supra, were different from those here and it is not controlling.

The order dismissing the indictment is vacated and set aside.

KRUCKER, and HATHAWAY, JJ., concur.