608 P.2d 92

**The STATE of Arizona, Appellee,**

v.

**Hector M. MONTOYA, Appellant.**

**No. 2 CA–CR 1830.**

Court of Appeals of Arizona, Division 2.

Jan. 28, 1980.

Rehearing Denied Feb. 27, 1980.

Review Denied March 18, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was charged with manslaughter or, in the alternative, negligent homicide in the death of a woman who was struck by his car. He was convicted of negligent homicide, placed on probation and ordered to pay restitution. He contends on appeal that the court erred by (1) not granting a directed verdict of acquittal; (2) refusing to give his requested emergency instructions; (3) denying a motion to force the state to elect one of the alternative charges in the indictment; and (4) refusing a requested instruction on reasonable doubt.

We find no error and affirm.

■ Appellant moved for a directed verdict on the manslaughter charge after the state had presented its case, and again at the conclusion of the trial. His counsel admitted, however, that the jury should decide the critical issue of his alleged criminal negligence on the negligent homicide charge. A.R.S. § 13–1102. Since he did not move for a judgment of acquittal on the negligent homicide charge before the verdict was returned, there is no basis for his argument that the court erred in refusing to grant his motion on that charge.

■ Furthermore, the evidence viewed in the light most favorable to the state, *State*

*v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978), was sufficient to support the conviction. Appellant had been drinking beer and playing pool with some companions at a bar. When the bar closed, he joined them in chasing three men who had harassed them earlier. Appellant caught up with the others on an unlighted street. Two of the men they were chasing had left their car and one was using a jack handle to hammer on a car driven by one of appellant's acquaintances. Appellant drove past the scene, made a U-turn and drove back at high speed, even though he knew there were pedestrians and cars on the street. He swerved to avoid the two men but kept accelerating and lost control, hitting and killing one of the women who had been involved in the chase. We cannot say the jury erred in finding that appellant had failed to perceive a substantial and unjustifiable risk which a reasonable person would have observed. *See* A.R.S. §§ 13–105(5)(d), 13–1102. As the verdict is not clearly contrary to the weight of the evidence, it must be upheld. *Acree supra.*

Appellant next contends the court erred by refusing to give sudden emergency instructions. Three prerequisites must be met before such instructions are appropriate: (1) There must be a sudden or unexpected confrontation with imminent peril; (2) the emergency must not result from the negligence of the person seeking the instruction; and (3) the person seeking the instruction must have had two or more courses of action available. *Tansy v. Morgan*, 124 Ariz. 362, 604 P.2d 626 (1979). Appellant may reasonably have assumed that his companions were in danger when he saw the man beating on their car with a jack handle but the confrontation was neither sudden nor unexpected. Appellant and his companions had placed themselves in that situation by chasing men they knew to be drunk and pugnacious. The instructions were properly refused.

Appellant also argues that the court should have forced the prosecution to elect one of the two alternative charges in the indictment, manslaughter or negligent homicide. He contends that *State v. Douglas*, 120 Ariz. 613, 587 P.2d 1190 (App.1978), is not dispositive because the court did not discuss issues of constitutional dimensions in holding that alternative pleadings are proper under the Arizona Rules of Criminal Procedure. The alternative charges did not infringe upon appellant's constitutional rights. Although the indictment did not specify which section of the manslaughter statute appellant had allegedly violated, the only subsection applicable to the facts was A.R.S. § 13–1103(A)(1), "recklessly causing the death of another person." A.R.S. § 13–202(C) provides that proof of recklessness also establishes criminal negligence. Thus, the only difference between the charges was appellant's mental state at the time of the accident, and a conviction on one would bar a conviction on the other. In such a case, it is not improper for an indictment to charge both the lesser crime and the greater, as long as the jury is instructed that it may not convict on both counts. *See United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *State v. Scott*, 118 Ariz. 383, 576 P.2d 1383 (App. 1978). Here the court properly instructed the jurors on the difference between the two charges, and informed them that they could sign one form of verdict only—guilty of manslaughter, guilty of negligent homicide, or not guilty.

The last issue raised by appellant is that it was error for the court to refuse to instruct the jury that no conviction may stand on supposition, suspicion or mere probability. The instruction need not be given if sufficiently covered by the instructions actually given. *State v. Cookus*, 115 Ariz. 99, 563 P.2d 898 (1977). The instructions given were adequate under *State v. Brosie*, 24 Ariz.App. 517, 540 P.2d 136 (1975), *affirmed* 113 Ariz. 329, 553 P.2d 1203 (1976). Appellant argues that *Brosie* should be overruled. We disagree.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.