613 P.2d 1262

**STATE of Arizona, Appellee,**

v.

**Kenneth Dale EDGAR, Appellant.**

**No. 4915–PR.**

Supreme Court of Arizona,
En Banc.

June 24, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

HAYS, Justice.

Appellant, convicted on two counts of grand theft and sentenced to concurrent 2- to 7-year terms in the state prison, brought an appeal in Division One of the Court of Appeals. The appellate court below reversed and remanded. *State v. Edgar*, 1 CA–CR 3699 (memorandum decision filed December 27, 1979). Granting the Petition for Review, we vacate the memorandum decision of the Court of Appeals and affirm the judgment of the Superior Court.

The evidence reveals that during the summer of 1974, Mrs. Zula Wilson owned property in a Chino Valley subdivision which she desired to sell. Appellant, a realtor, told Mrs. Wilson her lot would be easier to sell if she installed a septic tank. In her testimony Mrs. Wilson revealed the following material representations:

> [Appellant] told me that there was a man putting septic tanks in right close to this lot and that if [the contractor] could do it while he was out there it would eliminate problems and if I would give [appellant] the check to cover it, $676, that he would see that it was done immediately.

> .    .    .    .    .

> [Appellant] told me the man was working there on another lot and he could put it in immediately.

> .    .    .    .    .

> [Appellant] had the man there to do it and [the contractor] would do it right then if he had the check   .   .   . if I would make the check out to [appellant], why, he could transfer it quicker and get it to the man so the work could be done.

> .    .    .    .   .  .

> [Appellant] had it sold. He contacted this person and had it sold. If there was a septic tank on it, [the buyer] would take it   .   .   .  .

Bess Huron testified that around the same time appellant made similar representations to her. Mrs. Huron also owned a lot in Chino Valley she wanted to sell. Appellant told Mrs. Huron her property would sell more readily if she would put in a septic tank and, since he knew a contractor installing septic tanks in that area, Mrs. Huron would get a better price if the contractor could install several septic tanks at once.

Both Mrs. Wilson and Mrs. Huron made checks payable to appellant for the installation of septic tanks. Neither lot was ever sold and no septic tanks were ever installed.

A separate information regarding each transaction, charging appellant with grand theft by embezzlement or, in the alternative, grand theft by false pretenses, was filed. The two informations were joined for trial and the jury returned a general verdict, guilty of grand theft, on each.

Since the form of verdict did not indicate whether the grand theft was committed by embezzlement or by false pretenses, we will examine both alternatives in this opinion. Appellant contends the state failed to carry its burden of proving guilt beyond a reasonable doubt on either the grand theft by embezzlement or the grand theft by false pretenses theories; however, we disagree.

I

■■■■ The Arizona law of false pretenses as it existed prior to October 1, 1978 [1] required a misrepresentation of a past or existing fact which the victim relied upon in parting with his property. *State v. Brown*, 97 Ariz. 310, 400 P.2d 111 (1965); *Maseeh v. State*, 46 Ariz. 94, 47 P.2d 423 (1935); A.R.S. § 13–661(A)(3). Since the facts before us support the conclusion that appellant's statements were misrepresentations of material existing or past facts, we do not decide here whether misrepresentation of a present intent not to perform in the future constitutes an existing fact.[2] See *State v. Govorko*, 23 Ariz.App. 380, 533 P.2d 688

(1975); *People v. Ashley*, 42 Cal.2d 246, 267 P.2d 271, *cert. denied*, 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed. 707 (1954).

The record, taken as a whole and resolving any conflicts in the evidence in favor of sustaining the conviction, supports the jury's verdict. *State v. Carter*, 118 Ariz. 562, 578 P.2d 991 (1978). The jury could have believed from the evidence that appellant falsely stated that a contractor was presently installing septic tanks in the Chino Meadows subdivision; that other property owners were having this contractor install septic tanks; that a buyer was presently willing to buy Mrs. Wilson's lot if she had a septic tank; and that Mrs. Huron would get a better price if she joined with the other lot owners in having the septic tank installed. The jury could have also believed that the victims relied on these false representations in parting with their money.

Appellant claimed he contacted a contractor named Bectal who agreed to install the septic tanks. The defense contended appellant paid the contractor $1500 in cash and then forgot to follow up on the agreement to see if the septic tanks were in fact installed. The gist of appellant's argument was that his misrepresentations, if any, consisted solely of promises to perform in the future. The jury could have found, and the evidence supports such a finding, that appellant's statements were misrepresentations of existing or past facts sufficient to support a verdict of guilty of grand theft under the false pretenses theory.

The record reveals the efforts of investigators from Yavapai County to substantiate appellant's story. The investigators contacted every contractor who was installing septic tanks in Yavapai County from 1973 until trial and found none who had dealt with appellant. No contractor by the name of Bectal was found in Yavapai County, and other contractors in the state by that name

---

1. Unless otherwise indicated, Title 13 citations in this opinion refer to the Arizona Criminal Code as it existed prior to the revisions effective October 1, 1978.

2. Arizona's new criminal code includes misrepresentation of a future fact in its definition of theft by false pretenses. *See* A.R.S. §§ 13–1801(3) and 13–1802.

denied doing business with appellant. In order to install a septic tank, a permit from the County Board of Health is required. No such permits were ever filed. Appellant claimed to have paid Bectal $1500 in cash but there is no evidence of a withdrawal from Edgar Marketing & Associates accounts or receipts or any other indication that such a transaction ever took place.

While due process requires the state to prove every element of the offense beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in the face of the state's evidence of falsity, appellant might have tried to show his representations were true. Who was the buyer for Mrs. Huron's lot? What other lots in Chino Meadows was Bectal installing septic tanks on? Who were the other property owners acting together to get a reduced price on their septic tanks? If there was no receipt from Bectal, shouldn't there be some evidence of a withdrawal from the Edgar Marketing & Associates account, to which the Wilson and Huron checks had been deposited?

The state tried to substantiate appellant's story by looking for permits to install septic tanks in Chino Meadows and found none. Nor could the state locate Bectal, the man who supposedly dealt with appellant. Since the state could not substantiate appellant's representations and since appellant chose not to do so, the jury was left to conclude appellant's representations were false.

Appellant contends the state failed to prove the criminal intent necessary to establish false pretenses.

It is well settled that criminal intent may be proved by circumstantial evidence, *State v. Talley*, 112 Ariz. 268, 540 P.2d 1249 (1975), and there was ample evidence before this jury to support an inference of intent to permanently deprive these women of their money. *State v. Buelna*, 25 Ariz.App. 414, 544 P.2d 238 (1976); *State v. Joseph*, 20 Ariz.App. 70, 510 P.2d 69 (1973).

Appellant next claims the special corroboration requirements necessary for proof of false pretenses were not satisfied.

False pretenses may be proved in a number of ways, including the testimony of one witness and corroborating circumstances. A.R.S. § 13–664. At trial, both victims related the actual representations made by appellant.[3] The corroborating circumstances were established by cancelled checks, one of which included a notation concerning septic tank installation; an exclusive listing agreement between appellant and Mrs. Huron indicating the lot's purchase price included a septic tank; testimony of investigators from Yavapai County; and testimony from Mrs. Wilson's son, an attorney, who had attempted to get the money returned. We think the requirements of A.R.S. § 13–664 were satisfied.

Appellant contends the trial judge instructed the jury with a California jury instruction which did not accurately reflect the law of false pretenses in Arizona; however, any defect in the instruction was waived by appellant's failure to object at trial.

In order to preserve an objection to a proposed instruction for appeal, not only must counsel object but he must state "distinctly the matter to which he objects and the grounds of his objection." 17 A.R.S. Rules of Criminal Procedure, rule 21.3(c); *State v. Toney*, 113 Ariz. 404, 555 P.2d 650 (1976). A specific objection, timely made, allows the trial judge to consider the propriety of the instruction and cure any error therein before it is read to the jury.

While rule 21.3(c) does not bar raising fundamental error for the first time on appeal, *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979), we think the error here is not fundamental and does not mandate reversal.

3. Due to illness, Mrs. Wilson was unable to testify in person but her testimony from an earlier trial which ended in a mistrial was read to the jury.

**210**

## II

"Any person standing in a confidential or trust relation to another and who by reason thereof comes into possession or control of the latter's property may embezzle it by fraudulently converting it to a use or purpose other than the one intended." *Drake v. State*, 53 Ariz. 93, 97, 85 P.2d 984, 986 (1939); *State v. Gomez*, 27 Ariz.App. 248, 553 P.2d 1233 (1976); A.R.S. § 13–681.

■ A review of the record reveals sufficient evidence to support the jury's verdict of guilty of grand theft by embezzlement. Appellant, by virtue of his apparent real estate expertise and the false representations he made, gained the confidence and trust of the two elderly women. Appellant succeeded in having each of the women turn over checks payable to appellant for the express purpose of putting in septic tanks on their respective properties. When appellant failed to put the money to the use for which it was entrusted to him, the embezzlement was complete. *See State v. Malory*, 113 Ariz. 480, 557 P.2d 165 (1976); *State v. Superior Court In and For County of Pima*, 27 Ariz.App. 430, 555 P.2d 898 (1976); *State v. Mackey*, 15 Ariz.App. 417, 489 P.2d 80 (1971). The evidence amply supports the verdict.

Having reviewed the record for fundamental error and finding none, A.R.S. § 13–4035, the judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.