693 P.2d 893

**STATE of Arizona, Appellee,**

v.

**Alfonso CHAVEZ, Jr., Appellant.**

**No. 6209–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 12, 1984.

On Motion for Reconsideration
Jan. 29, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Jessica Gifford and Georgia Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Thomas A. Thinnes by Eleanor L. Miller, Phoenix, for appellant.

HAYS, Justice.

This matter comes to us by petition for review. We granted the petition to address an issue regarding the jury instruction given by the trial court on the insanity defense. The opinion of the court of appeals as to the other issues raised by the defendant is approved. *State v. Chavez* [143 Ariz. 281, 693 P.2d 936, (1984)].

In January of 1981, the defendant had his first serious brush with the law when he was charged with aggravated assault and custodial interference. In March of 1981, after his release from jail, he was indicted for a separate aggravated assault and kidnapping. In July of 1981, pursuant to the terms of a written plea agreement, defendant pleaded guilty to the two counts of aggravated assault. As part of the plea agreement, the state agreed to dismiss the custodial interference and kidnapping charges. The court accepted the plea and placed him on probation for a period of five years.

A short time after defendant's second release from custody, an eight-count indictment involving dangerous felonies was returned against him. He was convicted of two counts of aggravated assault, first degree burglary, kidnapping, and misconduct involving weapons. His probation was revoked on the earlier offenses; he was sentenced on those convictions and was given consecutive sentences on the latest offenses, all of which total approximately 40 years.

Although not specifically related to the one issue we are addressing, a brief summary of defendant's background is instructive. Defendant, after distinguished service in Viet Nam, was discharged from the army and worked in Los Angeles as a fireman and as a police officer. He later moved to Arizona where he was employed as a Mesa police officer.

In 1969 defendant married Josie Solis and they had three sons. From the beginning and all through the marriage, and even after the divorce in 1974, Josie was the subject of beatings and other violent acts. Defendant insisted on continuing the family relationship even though the marriage was dissolved. Defendant acted violently towards Josie's family, as well. Defendant also had job problems; after unsuccessfully suing to obtain a promotion to sergeant, he resigned from the Mesa police department in 1980.

■ Defendant asserts that the following portion of the instruction given on insanity by the trial court was inadequate and incorrect.

"A person is insane if he does not know right from wrong, or if he did not know the probable results of his actions."

This instruction is in accord with Recommended Arizona Jury Instructions (RAJI Criminal 5.02). In 1976 we indicated, in *State v. Brosie*, 113 Ariz. 329, 553 P.2d 1203 (1976), that the recommended instruction was deficient. We held, however, the error to be harmless under the facts of the case. Defendant urges that even under *Brosie*, which he criticizes severely, the case at bar involves fundamental error and must be reversed. We note that in the trial court defendant made no objection to the instruction; therefore, the error must be fundamental to warrant a reversal. *State v. Edgar*, 126 Ariz. 206, 613 P.2d 1262 (1980).

Putting the issue in simplest terms, did the substitution of "probable results of his actions" for the phrase, "the nature and quality of the act" deprive defendant of a fundamental right? Our answer to this question is no.

We decline the invitation inherent in the pleadings to engage in a semantics exercise. The trial court's use of the RAJI instruction is not only not fundamental error, but it is not error at all. An examination of the wide variety of interpretations of the M'Naghten rule, X Clark & Finnelly, 200, 210–11, VIII Eng.Rep. 718, 722–23

(1843), and its various modes of application, convinces us that the instruction given is not erroneous. Professor Goldstein, in his book, *The Insanity Defense*, at page 50, says:

"The phrase 'nature and quality of the act' is sometimes omitted completely from the charge to the jury. More often, it is either stated to the jury without explanation or treated as adding nothing to the requirement that the accused know his act was wrong...."

We do not find the instruction given to be incorrect or inadequate. Insofar as it deviates from this opinion, *State v. Brosie, supra*, is overruled.

Judgments affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

## ON MOTION FOR RECONSIDERATION

HAYS, Justice.

The motion for reconsideration indicates that defendant interprets our opinion to hold that the trial court may instruct that defendant may be found insane only if he does not know right from wrong. Such an instruction would eliminate the test involving "nature and quality" of the act.

■ Defendant misreads the opinion. We continue to recognize the two-part test. The jury should be instructed on both. A defendant may be found insane if he does not know right from wrong *or* if he does not know the nature and quality of his act. That test has been and continues to be the law in Arizona. We hold only that the words "... or if he does not know the probable results of his actions," explain and adequately cover the "nature and quality" element.

The motion for reconsideration is denied.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.