NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAPHAEL RAMON MORRIS, *Appellant*.

No. 1 CA-CR 24-0376

FILED 05-08-2025

Appeal from the Superior Court in Mohave County
No. CR-2022-00281
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christine Davis
*Counsel for Appellee*

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi, Elizabeth A. Alongi
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

_____

**T H U M M A**, Judge:

¶1            Defendant Raphael Ramon Morris appeals his convictions for transportation of drugs for sale, possession of drug paraphernalia and bribery of a public servant. Morris argues the superior court erred by denying his motion to remove a juror for cause and by denying his motion for judgment of acquittal on the bribery count. Because Morris has shown no error, his convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2            In March 2022, Morris was stopped by a Department of Public Safety officer while driving on Interstate 40 in Mohave County for following another vehicle too closely. During the stop, Morris gave the officer permission to search the car. That search revealed cocaine and fentanyl hidden in the door and a wallet containing $3,000 in cash. The officer arrested Morris.

¶3            The stop, search and arrest were captured in a video. The video shows that, while the officer was putting Morris in the patrol car, Morris stated: "I want to talk to you alone. I have friends that can take care of you. Only between you and I, is it possible we can work it out?" After being read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Morris added "I got some people I can call that can work something out or whatever." When asked what his friends could do, Morris responded "I don't know. I can just try to call somebody to see."

¶4            Morris was indicted in March 2022 and, in May 2024, went to trial on two counts of transportation of narcotic drugs for sale, Class 2 felonies; possession of drug paraphernalia, a Class 6 felony, and bribery of a public servant, a Class 4 felony. After a three-day trial, the jury found Morris guilty as charged.

**¶5**        Morris moved for a new trial, arguing the court erred in denying his motion to strike a juror for cause. He also argued the bribery conviction could not stand because no evidence showed he made any offer to the officer, adding "defendant did not offer any money, fancy cars[,] houses, or to be introduced to famous people or be put into a movie, there was no benefit or offer made to any officer." The court denied the motion for new trial and to vacate the bribery conviction. Morris was sentenced to concurrent prison terms for the drug-related convictions, the longest of which was 12 years, and a consecutive sentence of six years in prison for bribery.

**¶6**        This court has jurisdiction over Morris' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2025).[1]

## DISCUSSION

### I.        Morris Has Not Shown the Superior Court Erred in Denying His Motion to Strike a Juror for Cause.

**¶7**        The trial took place after the Arizona Supreme Court abolished the use of peremptory strikes in jury selection. Ariz. Sup. Ct., Admin. Ord. R-21-0020. During jury selection, ten prospective jurors were excused, five for hardship and five because they could not render a fair and impartial verdict. On appeal, Morris argues the superior court erred in denying his motion to strike an additional juror for cause.

**¶8**        "The court, on motion or on its own, must excuse a prospective juror . . . if there is a reasonable ground to believe that the juror . . . cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.4(b). "Because a trial judge has the best opportunity to assess whether a juror can be fair and impartial, appellate courts review such decisions only for abuse of discretion." *State v. Hickman*, 205 Ariz. 192, 201 ¶ 39 (2003) (citing cases); *accord State v. Colorado*, 256 Ariz. 97, 98 ¶ 2 (App. 2023) (reaffirming abuse of discretion standard on appeal after elimination of peremptory strikes). Morris had the burden of showing the juror was "incapable of rendering a fair and impartial verdict." *State v. Jimenez*, 255 Ariz. 550, 552 ¶ 3 (App. 2023) (citations omitted). This court "defer[s] to the trial judge's perceptions of the juror," looking to "only whether the judge's findings are supported by

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

the record." *State v. Allen*, 253 Ariz. 306, 307 ¶ 47 (2022) (citing cases); *accord State v. Montoya*, ___ Ariz. ___, ___ ¶ 71, 554 P.3d 473, 500 (2024) (noting elimination of peremptory strikes "did not remove trial courts from being in the best position to assess potential jurors' fairness and impartiality.").

**¶9** During voir dire, the prospective juror Morris challenges here disclosed she: (1) had an estranged sister in trouble for dealing drugs; (2) was strongly against cocaine and fentanyl and (3) had family and friends in law enforcement. When questioned, the juror added that her feelings about cocaine and fentanyl would not make her biased and she could be fair and impartial. Morris moved to strike the juror for cause, noting her "strong dislike" for fentanyl, her sister being a "drug dealer" and the "large quantities" of drugs involved in the case. The court denied the motion, noting "transportation of fentanyl is illegal, and so the issue is not whether she dislikes or doesn't like fentanyl," adding that "several times" the juror said she could be fair and impartial and that she "never indicated . . . that she has any bias or felt any bias." The court stated it had "not seen" anything "that indicated that she would make her decision based on any biases or that she would not be able to be fair and impartial" or favor one side or another. Morris argues the court erred in denying his motion to strike this juror for cause.

**¶10** Morris argues the law applicable to challenges for cause is significantly different than what it was before peremptory challenges were eliminated. In doing so, Morris argues "[o]nly one source of appellate case law has confronted" his argument: a special concurrence in a memorandum decision. *See State v. Dobbins*, No. 1 CA-CR 22-0569, 2024 WL 3983423 (Ariz. App. Aug. 29, 2024) (mem. dec.) (Jacobs, J., specially concurring). As a special concurrence in an unpublished memorandum decision, that analysis is not binding. *See* ARCAP 28(a)(1), (C). The majority in *Dobbins* recognized that "[i]f a juror is willing to put aside his opinions and base his decision solely upon the evidence, he may serve." 2024 WL 3983423, at *4 ¶ 24 (citation omitted). This is the standard, as described above, that the superior court applied in denying Morris' motion to strike. And the special concurrence joined in affirming the conviction in *Dobbins*, concluding there was no fundamental error in the failure to strike the juror for cause. *Id.* at *8–9 ¶¶ 44, 46 (Jacobs., J. specially concurring). *Dobbins* does not show the court erred in denying Morris' motion to strike in this case.

**¶11** Morris also argues the court erred because "[i]t was impossible to hear [the juror's] misgivings and not recognize 'a reasonable ground to believe [she could] not render a fair and impartial verdict.'" In considering whether to strike a juror for cause, the superior court "must

consider the totality of a prospective juror's conduct and answers given during voir dire." Ariz. R. Crim. P. 18.5(h). "[The] party asserting that the trial court erred in denying a motion to strike a juror for cause has the burden of establishing that the juror is incapable of rendering a fair and impartial verdict." *State v. Lavers,* 168 Ariz. 376, 390 (1991) (citation omitted). Here, the court denied Morris' motion based on the totality of the circumstances, including the court's observations and, most significantly, the prospective juror's answers under oath that she could be fair and impartial and decide the case on the facts presented in open court. Because the court had a logical and factual basis to find the juror was able to render a fair and impartial verdict, Morris has shown no error. *See Colorado,* 256 Ariz. at 103 ¶ 29.

**¶12**        Morris argues the superior court erred because it excused a different prospective juror for cause who was "similarly situated" to the juror he sought to strike. The prospective juror excused for cause spoke about: (1) misgivings about police based on social media; (2) police lying to achieve outcomes; (3) police bullying people to obtain statements; and (4) poor relations between police and citizens. Although indicating he could be impartial and assess witness credibility individually, he declared: "I will say that I'm biased." When asked what he meant by "biased," the prospective juror referenced "bad relations" with law enforcement, "good apples and bad apples" and that he "wouldn't base [his] judgment on that." That potential juror added, however:

> But there is kind of like that thing in the back of my head where, you know, there hasn't been good relation or I'll say good aspects from law enforcement towards citizens and vice versa, I guess, right, but that's just something that's just I would say in the back of my mind. But I don't -- I don't know the officer, so I wouldn't -- I would not make any prejudgment just because he's an officer.

The State moved to strike the prospective juror for cause, and Morris' counsel opposed the motion. After hearing from the parties, the court granted the motion, finding the prospective juror:

> said that he would be biased in this case. I recognize that there was some rehabilitation. I am not convinced, though, that he would not be biased against any police officers that may

> testify. Even in spite of rehabilitation testimony that he may have given at the best, [the prospective juror] was . . . fickle in how he expressed whether he would or would not have biases.

The court distinguished the two challenges because the juror that was not struck "never indicated . . . that she has any bias or felt any bias." The record supports that distinction, which explains the court striking one prospective juror for cause and retaining another.

¶13　　　　Morris also argues the superior court erred by "attempting to salvage" the juror who was retained "even after she (i) asserted—at the outside—that she 'was not sure' if she would favor either party because of her own sister's history of drug trafficking, and then (ii) amplified that qualm with the remark that she did not 'condone it at all.'" But the juror ultimately stated she could be fair and impartial, which meets the required standard. *See Jimenez*, 255 Ariz. at 554 ¶¶ 10, 13 ("A juror's assurance of impartiality need not be couched in absolute terms.") (quoting *State v. Trostle*, 191 Ariz. 4, 13 (1997)). Moreover, even if a juror has preconceived notions, the court properly may educate and rehabilitate a juror. *See, e.g., State v. Anderson*, 210 Ariz. 327, 338 ¶ 28 (2005) (citing cases); *Jimenez*, 255 Ariz. at 554 ¶ 13; *see also State v. Reasoner*, 154 Ariz. 377, 384 (App. 1987) (similar). On this record, the juror Morris challenged for cause who was not stricken affirmed her ability to set aside personal experience and to be fair and impartial. *See Montoya*, ___ Ariz. at ___ ¶ 71, 554 P.3d at 500 ("[I]f the juror is 'willing to put aside his opinions and base his decisions solely upon the evidence, he may serve.'") (citations omitted).

¶14　　　　Finally, Morris' reliance on Arizona Rule of Criminal Procedure 18.5(f) does not show error. Under that rule, "the court should refrain from attempting to rehabilitate prospective jurors by asking leading, conclusory questions that encourage prospective jurors to affirm that they can set aside their opinions and neutrally apply the law." Ariz. R. Crim. P. 18.5(f) cmt. (2022); *see also State v. Puga*, ___ Ariz. at ___, ___ ¶ 22, 564 P.3d 631, 636 (App. 2025) ("Our supreme court advised that courts should not pursue rote, unequivocal assurances of impartiality to rehabilitate prospective jurors. But when a prospective juror gives unclear or qualified answers of impartiality, Rule 18.5 authorizes the court to clarify the answers.") (citing authority). Here, the court appropriately questioned the juror, as the rules direct. *See* Ariz. R. Crim. P. 18.5(f) ("The court must conduct a thorough oral examination of the prospective jurors."). The court informed the prospective jurors of the option to ask to discuss their answers

outside of the presence of the other prospective jurors if they felt "uncomfortable with any of the questions or talking about [their] answer to a question in front of all the other prospective jurors." The attorneys also had the opportunity to conduct further oral examination of the prospective jurors in or outside of the presence of the other prospective jurors. *See* Ariz. R. Crim. P. 18.5(f). No requests were made to discuss answers outside of the presence of the other prospective jurors. Morris has shown no error in the court denying his motion to strike the juror.

**II.    Morris Has Not Shown the Superior Court Erred in Denying His Motion for Judgment of Acquittal on the Bribery Charge.**

**¶15**        Morris argues the superior court erred in denying his motion for judgment of acquittal on the bribery charge. A motion for judgment of acquittal should be granted "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is proof "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419 (1980) (citing cases). This court views the evidence in the light most favorable to sustaining the verdict, *State v. Davolt*, 207 Ariz. 191, 212 ¶ 87 (2004) (citing cases), testing the sufficiency of the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505 ¶ 8 (App. 2005). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357 ¶ 22 (2007) (citation omitted). Sufficiency of the evidence is a question of law this court reviews de novo. *State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014) (citing cases).

**¶16**        During trial, the arresting officer testified that during the traffic stop, Morris asked if they could work something out and stated he could have someone "take care" of the officer. When the officer asked what Morris could do to work something out, the officer testified Morris said he could call somebody and see. The State also presented the recording of the interaction, where Morris asked to speak alone with the officer to try to "work something out," noting he had friends, and offering to "take care" of the officer. After the State rested, Morris moved for judgment of acquittal on the bribery count, arguing "there's no offer for any type of anything to [the arresting officer] in exchange for anything." *See* Ariz. R. Crim. P. 20(a). The superior court denied the motion, finding that while Morris made no direct promise or offer, the jury could properly infer one.

¶17      The final jury instructions correctly listed the requirements for bribery of a public servant as:

> 1. The defendant offered any benefit upon a public servant; and
>
> 2. The defendant did so with the intent to influence his exercise of discretion or other action in the person's official capacity as a public servant; and
>
> 3. The defendant acted with corrupt intent.

The jury instructions also defined "benefit" as "anything of value or advantage, present or prospective."

¶18      Morris argues the element of "benefit" requires an articulation of a specific benefit, which did not occur here because "[t]here was no mention of cash, gifts, influence, or any other perk or advantage." By statute, however, "benefit" is defined more broadly as "anything of value or advantage, present or prospective." A.R.S. § 13-105 (3). Morris cites no relevant authority supporting his argument that "benefit" is more limited and not present here. The trial record shows the State presented sufficient evidence to allow the jury to conclude Morris offered a benefit to a public servant, meaning the court properly denied his motion for judgment of acquittal.

¶19      On appeal, Morris argues for the first time that "wind noise [] drowned out much of [the] dialogue" on the recording, adding the court at sentencing expressed "uncertainty over 'how or whether there was an amount that was implied'" for the benefit. Morris, however, failed to raise these arguments with the superior court, meaning they are waived. *See State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018). Moreover, the jury heard the recording, and the arresting officer testified about Morris' statements. As for the court's remarks at sentencing, they were made by the same judge that denied Morris' motion for judgment of acquittal and did not, in any event, undermine the sufficiency of the evidence for the conviction. *Cf. State v. Canez*, 118 Ariz. 187, 191 (App. 1977) (construing the court's comments at sentencing as "an explanation by the court of why it would not impose a more severe penalty"). Morris has shown no error in the court denying his motion for judgment of acquittal on the bribery charge.

## CONCLUSION

¶20      Morris' conviction and resulting sentence are affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR